**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Mike S.,                                                             Civ. No. 18-1740 (BRT)

        Plaintiff,

v.                                                          **MEMORANDUM
OPINION AND ORDER**

Andrew Saul,
Commissioner of
Social Security,

        Defendant.

---

Karl E. Osterhout, Esq., Osterhout Disability Law, LLC, and Edward C. Olson, Esq., Disability Attorneys of Minnesota, counsel for Plaintiff.

Michael A. Moss, Esq., Special Assistant U.S. Attorney, counsel for Defendant.

---

BECKY R. THORSON, United States Magistrate Judge.

        Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. This matter is before the Court on the parties' cross-motions for summary judgment, in accordance with D. Minn. LR 7.2(c)(1). (Doc. Nos. 13, 16.) For the reasons stated below, the Court concludes that the Administrative Law Judge's ("ALJ") decision inadequately considered the treating physician's opinion. Therefore, Plaintiff's motion is granted, Defendant's motion is denied, and the matter is remanded for further consideration of the opinion of Plaintiff's treating neurologist, Dr. Rossing.

## I. Background

Plaintiff alleged a disability onset date of October 22, 2014. (Tr. 22.)[1] Early in the morning that day, Plaintiff was driving to work and noticed a headache and unusual clumsiness in his limbs. (Tr. 326.) He was evaluated at an emergency room, then transferred to an intensive care unit, where he underwent neurological tests that discovered a worsening of stroke-related symptoms. (Tr. 328.) During the following days, Dr. Rossing treated Plaintiff for an acute ischemic stroke, discussed findings with other physicians, ordered tests, and attended directly to Plaintiff. (*See, e.g.*, Tr. 336–343; 364–69.) Between Plaintiff's discharge from the hospital on December 4, 2014 and July 7, 2015, Plaintiff had about sixty-four physical therapy and sixty-eight occupational therapy sessions. (Tr. 446, 451.) After Plaintiff's discharge, Plaintiff had check-ups with Dr. Rossing in April 2016 and April 2017. (*See* Tr. 495, 488.) During the April 2017 appointment, Dr. Rossing noted that Plaintiff was making "good and regular progress toward [a] normal baseline" and that he was "more or less stable in regards to his general function." (Tr. 487–88.) Dr. Rossing, however, also stated that Plaintiff suffered "residual chronic disabilities of gait, balance, mobility, focal dysfunction and vestibular dysfunction that prevent[ed] him from . . . gainful employment." (Tr. 487.)

---

[1] Throughout this Opinion and Order, the abbreviation "Tr." is used to reference the Administrative Record. (Doc. No. 12.)

(Footnote Continued on Next Page)

In a decision dated August 7, 2017, the ALJ conducted the five-step sequential analysis[2] and found that Plaintiff was not disabled. (Tr. 19–36.) At steps one and two, respectively, the ALJ found that Plaintiff was not gainfully employed and that he had severe impairments. (Tr. 25.) At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the Listing of Impairments. (*Id.*) The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform light work activity with the following limitations: Plaintiff could lift up to twenty pounds occasionally and ten pounds frequently; could sit, stand, and walk for six hours in an eight-hour day; could push and pull the same as lift and carry; must avoid walking on uneven terrain; must never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs; could occasionally balance, stoop, kneel, crouch, and crawl; was limited to bilateral frequent handling, fingering, and feeling; was limited to frequent speaking; and was to avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. (*Id.*) At step four, the ALJ found that Plaintiff was unable to perform his past relevant work. (Tr. 29.) At step five, the ALJ consulted a vocational expert who testified that there were jobs in the national economy that could be done by an individual with Plaintiff's conditions. (Tr. 30.) The ALJ therefore found Plaintiff "not disabled." (Tr. 31.)

---

[2] *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted) ("During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security Income listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work.").

## II. Standard of Review

The Commissioner's decision will be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *accord Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). This standard "allows for the possibility of drawing two inconsistent conclusions." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citations omitted). If it is possible to draw inconsistent conclusions from the record, and one of those conclusions represents the ALJ's findings, the ALJ's decision must be affirmed. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010); *Pearsall v. Massanarri*, 274 F.3d 1211, 1217 (8th Cir. 2001) (stating that the court must affirm even if it would have weighed the evidence differently); *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (concluding substantial evidence in the record supporting a contrary outcome was not enough to warrant reversal).

## III. Analysis

Plaintiff asserts that the ALJ improperly rejected the opinion of neurologist Dr. Rossing, a treating physician, contrary to Social Security Administration ("SSA") policy and Eighth Circuit precedent, and seeks remand for further administrative proceedings. (Doc. No. 14 at 4–15.) Defendant disagrees, asserting that the ALJ's decision was based on proper consideration of all the evidence. (Doc. No. 17 at 6–14.)

The SSA regulations generally give treating physicians' opinions greater weight than non-treating sources. 20 C.F.R. § 404.1527(c)(2); *see Walker v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 550, 553 (8th Cir. 2018). Furthermore, treating physicians' opinions "receive controlling weight if they are well-supported by the medical evidence and are 'not inconsistent with the other substantial evidence in [the] case record.'" *Walker*, 911 F.3d at 553 (quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). Regardless of the weight an ALJ assigns an opinion, they "must give good reasons for doing so." *Id.*; *see also*, SSR. 96-2p, 1996 WL 374188 (July 2, 1996) (stating that notice of denial "must contain specific reasons for the weight given to the treating source's medical opinion"). "Good reasons" for lesser weight include internal inconsistency and other physicians' opinions offering better evidentiary support. *Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016). Here, the ALJ "afforded [Dr. Rossing's opinion] little weight," stating that it was given over two years after the date of last insured, was conclusory, and did not contain specific vocationally relevant limitations. (Tr. 29.)

As Plaintiff points out, while Dr. Rossing's opinion was given more than two years after the time period at issue, it addressed Plaintiff's medical history longitudinally, going beyond what was strictly contemporaneous with the 2017 appointment. (Doc. No. 14 at 9–10; Tr. 493.) Indeed, the record shows Dr. Rossing was involved with Plaintiff's neurology treatment on the day of Plaintiff's stroke and periodically thereafter. (*See, e.g.*, Tr. 329, 351, 364–69, 374, 487–496.) That a physician opines after the date last insured does not necessarily preclude the opinion from being a valid medical opinion in need of consideration. *List v. Apfel*, 169 F.3d 1148, 1149 (8th Cir. 1999)

5

("Retrospective medical diagnoses constitute relevant evidence concerning the degree of disability prior to expiration of the insured period."); *see also* 20 C.F.R. § 404.1527(c)(2)(ii) ("When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight.").

The ALJ also characterized Dr. Rossing's opinion as "conclusory in nature" but failed to elaborate. An ALJ may assign little weight to a treating physician's opinion if the opinion is conclusory. *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018). A conclusory opinion is one that is "not supported by medical diagnoses based on objective evidence." *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)). However, when a physician's opinion is conclusory, the ALJ should examine the underlying medical record to determine whether it supports the conclusory opinion. *Despain v. Berryhill*, No. 18-1927, 2019 WL 2478046, at *2 (8th Cir. June 14, 2019). If it does, the conclusory opinion "may still be entitled to controlling weight." *Id.* In this case, the ALJ provided no explanation for why he considered Dr. Rossing's opinion to be conclusory or why the underlying medical record does not support Dr. Rossing's opinion. In fact, the underlying medical record seems to support Dr. Rossing's opinion.[3] (*Compare* Tr. 488 (stating Plaintiff was

---

[3] It is the ALJ's responsibility to determine the claimant's RFC based on all the evidence. *See, e.g.*, *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Defendant asserts that "an RFC determination is not a medical opinion, but an administrative assessment." (Doc. No. 17 at 7.) Indeed, the ALJ need not rely on any particular medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 931–32 (8th Cir. 2016) (citing *Myers v. Colvin*,

(Footnote Continued on Next Page)

"completely unable to carry on gainful employment . . . because of his postural instability") *with* Tr. 288 (noting that Plaintiff needed assistance moving and was "at high risk for falls").)

The ALJ also discounted Dr. Rossing's opinion because it lacked "specific vocationally relevant limitations." To be relevant, a medical opinion must address the related impairment and its nature and severity; however, there is no requirement that the opinion contain specific vocationally relevant limitations. *See generally* 20 C.F.R. § 404.1527(c)(2).

In sum, the ALJ did not provide a good reason for affording Dr. Rossing's opinion little weight. An ALJ must explain, "with some specificity, why he has rejected the treating physician's opinion." *Walker*, 911 F.3d at 553. Here, the ALJ did not do so. "Failure to provide a good reason for discrediting a treating physician's opinion is grounds for remand." *Harles-Wilson v. Berryhill*, No. 16-CV-02758 (FLN), 2018 WL 1525728, at *5 (D. Minn. Mar. 28, 2018) (citation omitted); *see also Mai V. v. Berryhill*, No. 17CV04347ECTDTS, 2019 WL 1281889, at *2 (D. Minn. Mar. 20, 2019); *Ording v. Colvin*, No. CIV. 11-2296 MJD/LIB, 2013 WL 2139498, at *3 (D. Minn. Apr. 29, 2013), report and recommendation adopted, No. 11-2296MJD, 2013 WL 2139497 (D. Minn. May 15, 2013) (remanding after an ALJ improperly discounted the medical opinions of a

---

721 F.3d 521, 526–27 (affirming RFC without medical opinion evidence) and *Perks v. Astrue*, 687 F.3d 1086, 1092–93 (8th Cir. 2012) (same)). However, the Eight Circuit has consistently held that the RFC determination is a medical question. *Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016) ("[A] claimant's RFC is a medical question, and some medical evidence must support the RFC determination.").

7

treating physician without sufficient reasons); *Singh v. Apfel*, 222 F.3d 448, 452–53 (8th Cir. 2000) (reversing with directions to remand in part because the ALJ failed to give good reasons for rejecting a treating physician's opinion). Therefore, the Court remands this matter to the Commissioner to consider Dr. Rossing's opinion and, if the ALJ determines after review of all record evidence that less weight is appropriate, provide good reasons for giving it less weight. [4]

### ORDER

Based on the foregoing, and all the files, records, and submissions herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**;

2. Defendant's Motion for Summary Judgment (Doc. No. 16) is **DENIED**;

---

[4] Plaintiff asserts that the ALJ should have clarified Dr. Rossing's opinion by re-contacting him. Reference to "recontacting medical sources" was removed from the regulation in 2012. *Compare* 20 C.F.R. § 404.1512 (Mar. 26, 2012), *with* 20 C.F.R. § 404.1512 (June 13, 2011). Yet the SSA's interpretation of the regulation was not rescinded until 2017. *See* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017); SSR 96-5p, 1996 WL 374183, (July 2, 1996) ("[T]he rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions . . . and the bases for such opinions are not clear to us."). The regulation itself, however, does not require re-contact when the source's information is simply refuted by the record. *Britton v. Astrue*, 622 F. Supp. 2d 771, 776–77 (D. Minn. 2008) (stating the ALJ is under no duty to re-contact when the issue with the treating source's opinions "was not that they were unclear or ambiguous but that they were not believable in light of the . . . evidence."). Instead, an ALJ is required to re-contact when "a crucial issue is undeveloped" in a treating source's opinion. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) (quoting *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004)). On remand, the ALJ may re-contact Dr. Rossing if he finds his opinion unclear and must re-contact him if he finds the underlying basis for his opinion is undeveloped.

8

3. This matter be remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four), consistent with the Memorandum Opinion and Order. On remand, pursuant to 20 C.F.R. § 404.1527, the ALJ should evaluate the opinion of William R. Rossing, M.D., that Plaintiff has persistent cerebrovascular risk factors, postural instability, vocal dysfunction, and chronic vestibular dysfunction, and give good reasons for the weight accorded to this treating physician's opinion. The ALJ should then reconsider the RFC conclusion and determinations at steps four and five.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 5, 2019         *s/ Becky R. Thorson*
                             BECKY R. THORSON
                             United States Magistrate Judge